THE FARMERS' LOAN AND TRUST COMPANY, as Trustee, Plaintiff, *v.*
THE EQUITY GAS LIGHT COMPANY of the Eastern District of the
City of Brooklyn and Others, Defendants.

*Purchase-money mortgage given by a corporation — valid, though given without the*
*consent of the stockholders.*

A purchase-money mortgage may be issued by a corporation without the consent
of its stockholders.

Courts of equity will not permit a corporation to retain property, with all the
benefits derived from its purchase, and at the same time to repudiate its lia-
bility for the purchase price thereof or its liability under a mortgage given to
secure the purchase price.

MOTION by the defendant, The Equity Gas Light Company of
the Eastern District of the City of Brooklyn, for a new trial on a
case containing exceptions, ordered to be heard at the General Term
in the first instance after a trial at the Kings County Special Term
on the 8th day of October, 1894.

*David McClure,* for the plaintiff.

*Tracy, Boardman & Platt,* for the defendant, The Equity Gas
Light Company of the Eastern District of the City of Brooklyn.

DYKMAN, J.:

This is a motion for a new trial made in the first instance at the
General Term under the provisions of section 1001 of the Code of
Civil Procedure. The action was brought by the plaintiff as trus-
tee under a mortgage made to it by the defendant, dated July 1,
1891, and a supplemental mortgage dated December 8, 1891, given
to secure the issue of bonds of the defendant aggregating $1,000,000.

The defendant was incorporated in the month of January, 1874,
under the act of February 16, 1848, being chapter 37 of the Laws
of 1848, as amended by subsequent acts. On the 18th day of
November, 1890, the defendant gas company entered into a construc-
tion contract with the Equity Gas Works Construction Company.
The contract provided, among other things, that the construction com-
pany should convey to the gas light company a plot of land in the city
of Brooklyn upon which it should erect gas tanks, engines, engine
houses, coal sheds, and should lay mains and furnish tools, etc.,

and in return therefor the defendant gas company should execute a mortgage to the Farmers' Loan and Trust Company to secure the sum of $1,000,000 and deliver bonds secured thereby to the construction company to that amount, and should also deliver to the construction company $1,000,000 of its capital stock.  Such stock at the time of the contract amounted to $2,000,000, and the defendant gas company had under its control the sum of $1,900,000 of such capital stock. It agreed by such contract, among other things, that it would not issue the remaining $100,000 until the completion of the contract. It appeared from the evidence upon the trial that work was immediately commenced under the contract, agreements were entered into with sub-contractors for the performance of the work, and a large amount of money was expended day by day ; that the work was pushed on with great energy and finally completed so far as the gas light company permitted such completion.  The deed of the real property was made and delivered to the defendant gas company by the construction company and was offered in evidence upon the trial.  It appeared that all the property covered by this mortgage was transferred by the construction company to the gas light company. In pursuance of the contract the defendant made a mortgage to the Farmers' Loan and Trust Company, dated July 1, 1891, for $1,000,000, and the bonds secured by that mortgage, being the entire issue, have been certified and delivered to the plaintiff as follows : $750,000 of them directly to the construction company and $250,000 of them to Trask, who is, and was at the time, the president of the gas light company.  The other bondholders have raised some question as to the right of Trask, and insist that those bonds are not entitled to the security of the mortgage in question, and in framing the judgment entered herein provision has been made to decide whether these bonds are entitled to the lien of the mortgage.

There are many reasons why this motion should not prevail, and why the judgment should be affirmed.  The mortgage in question is a purchase-money mortgage, and such mortgages may be issued by corporations, without the consent of stockholders.  The property covered by the mortgage was conveyed to the gas light company by the construction company, under an agreement that the mortgage should be executed and the bonds issued and delivered to the latter company.  That agreement was made before the statute of

1890 (Chap. 564) went into effect, which requires the assent of stockholders to the issuance of a mortgage, and that statute is, therefore, inapplicable to this case.

Moreover, a court of equity will not permit the successful interposition of the defense here attempted, even assuming all that is claimed by way of defense to this action.   No court will permit the defendant to retain the vast property it occupies, with all the benefits of its purchase, and at the same time repudiate its liability for the purchase price, or, what is the same thing, its liability under the mortgage in question.

The motion should be denied, with costs.

BROWN, P. J., concurred.

Motion denied, with costs.